IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

EZRA LAMOND STOKES                                                    PETITIONER

v.                                             CIVIL ACTION NO. 3:13cv824-DCB-MTP

ARCHIE LONGLEY                                                        RESPONDENT

## REPORT AND RECOMMENDATION

BEFORE THE COURT is the *pro se* Petition of Ezra Lamond Stokes for a Writ of Habeas Corpus [1] filed under 28 U.S.C. § 2241. Having considered the submissions of the parties and the applicable law, the undersigned recommends that the Petition be denied and dismissed with prejudice.

## BACKGROUND

On October 20, 2007, Petitioner was arrested by the St. Tammany Parish Sheriff's Department in St. Tammany Parish, Louisiana, on drug charges.[1] On February 11, 2008, while in state custody, Petitioner was transferred to the custody of federal authorities pursuant to a writ of habeas corpus *ad prosequendum* issued by the United States District Court for the Eastern District of Louisiana.[2] On November 20, 2008, Stokes pled guilty and was sentenced in the Eastern District of Louisiana to a seventy-two (72) month term of imprisonment with five (5) years of post-release supervision for violations of the Federal Controlled Substances Act and the Federal Gun Control Act.[3] At sentencing, the federal district judge did not address the possibility of Petitioner's

---

[1] *See* Declaration of Scott Farr [12-2] at 2.

[2] *See* Docket Report for 2:08cv22-KDE-DEK-1, U.S. District Court for the Eastern District of Louisiana [12-4] at 3.

[3] *See* Judgment in USA v. Stokes [12-5] at 2.

1

impending state sentence running concurrent to his federal sentence.

On December 16, 2008, Petitioner was returned to the custody of the St. Tammany Parish authorities.[4] Petitioner was sentenced to a seventy (70) month term in St. Tammany Parish Circuit Court on January 8, 2009, on two counts of distribution of a schedule II controlled dangerous substance.[5] In the state court judgment, the sentencing judge directed the following: " [The] Court order[s] that each count run concurrent with each other and with anytime [Petitioner] is now serving and with the FED [sic] time he is serving and that the [Petitioner] be given credit for time served . . . ."[6]

Plaintiff remained in Louisiana state custody to serve his state sentence until he was transferred to the custody of the United States Marshal Service on June 25, 2010, to commence service of his federal sentence.[7] Upon his transfer to federal custody, the Federal Bureau of Prisons ("BOP") prepared a sentence computation for the Petitioner, based on a 72-month of imprisonment beginning on June 25, 2010.[8] Petitioner was given no prior credit time.[9]

At the time he filed his petition on or about February 16, 2012, Petitioner was incarcerated

---

[4]*See* Declaration of Scott Farr [12-2] at 3.

[5]*See* St. Tammany Parish Circuit Court Judgment [12-6].

[6]*Id.*

[7]*See* U.S. Department of Justice, Federal Bureau of Prisons, Designation and Sentence Computation Center Worksheet [12-7].

[8]*See* Sentence Monitoring Computation Data [12-8].

[9]*Id.*

at the Federal Correctional Complex in Yazoo City, Mississippi ("FCC Yazoo City").[10] Petitioner seeks credit for approximately two years and eight months (October 20, 2007–June 25, 2010) for jail-time served prior to his convictions, as well as time served under his state sentence.[11] Petitioner specifically argues that the state court judge directed that his federal and state sentence run concurrently, and that the BOP wrongfully denied him this time credit.

Respondent contends that the instant petition should be denied because: (1) Petitioner is not entitled to credit against both his state and federal sentences under 18 U.S.C. § 3585(b); (2) Petitioner is not entitled to *nunc pro tunc* designation; and (3) the federal government is not bound by the state court's order that the sentences run concurrent.

## ANALYSIS

Prior Custody Credit

Petitioner's sentence computation is governed by Program Statement 5880.28, Sentence Computation Manual (CCCA of 1984).[12] The Program Statement references 18 U.S.C. § 3585, which establishes the rule for the commencement of a federal sentence and credit for a prior sentence, and provides:

---

[10]The BOP's website indicates that Petitioner was released on February 13, 2015. Federal Bureau of Prisons, Inmate Locator, http://www.bop.gov/inmateloc/ (Last Visited April 16, 2015). However, as stated above, Petitioner is presumably on supervised release, as was directed by the federal sentencing judge. *See* Judgment in USA v. Stokes [12-5] at 2. The Court recognizes that a Petitioner's release from custody does not necessarily render a habeas petition moot. *See Johnson v. Pettiford*, 442 F.3d 917, 918 (5th Cir. 2006) ("In this case, the possibility that the district court may alter [petitioner's] period of supervised release . . . if it determines that he has served excess prison time, prevents [the] petition from being moot.") (citing *Ojo v. INS*, 106 F.3d 680, 681 n.2 (5th Cir. 1997) (holding that petitioner who had completed his prison term and was in his three-year term of supervised release was "in custody" for habeas purposes)).

[11]*See* Memorandum of Law in Support of Petition [5] at 3.

[12]*See* Program Statement 5580.28, Sentence Computation Manual [12-9].

> (a) Commencement of sentence.–A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> (b) Credit for prior custody.–A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences–
>
>> (1) as a result of the offence for which the sentence was imposed; or
>>
>> (2) as a result of any other charge for which the defendant was arrested after the commission of the offence for which the sentence was imposed;
>
> **that has not been credited against another sentence**.

18 U.S.C. § 3585 (emphasis added).

*Commencement of Sentence*

Petitioner's federal sentence commenced on June 25, 2010, when he was released from the custody of Louisiana state authorities to the custody of the United States Marshal Service to begin his federal sentence. Prisoner contends that he was in federal custody beginning on the date of his federal conviction, November 20, 2008.[13] However, Program Statement 5880.28 clarifies that a federal sentence begins on the date of sentencing only if the prisoner is in *exclusive* federal custody on the basis of the charge for which he is being sentenced (and not under the jurisdiction of a federal writ of habeas corpus *ad prosequendum*).[14] Petitioner was not in exclusive federal custody on the date of his federal sentencing, November 20, 2008. Rather, he was in custody of St. Tammany Parish authorities for pending charges in that parish, and was brought before the federal court for his arraignment and other proceedings on his federal charges pursuant to a writ of habeas corpus *ad*

---

[13]*See* Memorandum of Law in Support of Petition [5] at 9.

[14]Program Statement 5880.28 [12-9] at 1-12.

4

*prosequendum.*[15] *See Causey v. Civiletti*, 621 F.2d 691, 693 (5th Cir. 1980) ("The law is clear in this Circuit that, if a defendant is in state custody and he is turned over to federal officials for federal prosecution, the state government's loss of jurisdiction is only temporary . . . . A writ of habeas corpus *ad prosequendum* is only a "loan" of the prisoner to another jurisdiction for criminal proceedings in the receiving jurisdiction."); *Washington v. Chandler*, 533 Fed. App'x 460, 461 (5th Cir. May 14, 2013) ("When [petitioner] was transferred to the Northern District of Texas pursuant to writs of habeas corpus *ad prosequendum*, each transfer was "only a 'loan' of the prisoner" such that Texas retained primary jurisdiction.") (citing *Causey*, 621 F.2d at 693).

*Time Credit*

The United States Supreme Court has explained that when Congress enacted 18 U.S.C. § 3585(b), it "made clear that a defendant could not receive double credit for his detention time." *United States v. Wilson*, 503 U.S. 329, 337 (1992); *see also Horn v. Tamex*, No. 4:06cv566, 2007 WL 1702198, at *2 n.4 (N.D. Tex. Jne 12, 2007) (stating that Section 3585(b) "precludes a prisoner from receiving double credit for time served in state custody, and hence [petitioner] could not receive credit against his federal sentence where he has already received credit against his state sentence.") (internal citations omitted). In accordance with the statute, BOP Program Statement 5880.28 specifies that"[c]redit will not be given for any portion of time spent serving another sentence regardless of whether the sentence is federal, state or foreign."[16]

---

[15]Although a copy of the writ is not attached as an exhibit to the Response, the docket report for Petitioner's federal case was included. *See* Docket Report for 2:08cv22-KDE-DEK-1, U.S. District Court for the Eastern District of Louisiana [12-4] at 3. The docket reflects the issuance of a writ of habeas corpus *ad prosequendum* [7] for February 1, 2008.

[16]Program Statement 5880.28 [12-9] at 1-17.

Accordingly, the BOP cannot give credit to Petitioner for the seventeen (17) months and twenty (20) days he served under his state sentence.[17] Furthermore, the record reflects that Petitioner received credit for time spent in custody before his state court conviction – October 20, 2007 (the date of his arrest) to January 8, 2009 (the date of his sentencing in state court) – against his state sentence.[18] Thus, because his prior custody credit was applied to his state sentence, and because time served under his state sentence cannot be applied to his federal sentence, Petitioner is not entitled to the time credit he seeks pursuant to 18 U.S.C. § 3585.

*Nunc Pro Tunc* Designation

Respondent also claims that Petitioner is not entitled to *nunc pro tunc* designation under 18 U.S.C. § 3621(b). Petitioner filed several requests for administrative remedies while incarcerated, requesting that he receive credit against his federal sentence for time served under his state sentence, which the BOP interpreted as a request for a *nunc pro tunc* designation.[19]

"Where a federal sentence was imposed before a state sentence, the BOP may indirectly award credit for time served in state prison by designating *nunc pro tunc* the state prison as the place in which the prisoner serves a portion of his federal sentence." *Pierce v. Holder*, 614 F.3d 158, 160 (5th Cir. 2010). "The decision whether to designate a facility as a place of federal detention [pursuant to 18 U.S.C. § 3621(b)] is plainly and unmistakably within the BOP's discretion."

---

[17]The time petitioner served in the Louisiana Department of Corrections is documented by his Time Computation and Jail Credit Sheet [12-3], which indicates that he commenced his state sentence on January 8, 2009, the date of sentencing, to June 25, 2010, the date Petitioner was transferred to the custody of the U.S. Marshals.

[18]October 20, 2007, to January 8, 2009, consisted of 446 days. Petitioner's Louisiana Department of Corrections Time Computation and Jail Credit Sheet [12-3] indicates that he was given 446 days of jail credit against his state sentence.

[19]*See* ARP Packet [12-10].

*Abdul–Malik v. Hawk–Sawyer*, 403 F.3d 72, 75 (2d Cir. 2005)(citing *Taylor v. Sawyer*, 284 F.3d 1143, 1149 (9th Cir. 2002)). In *Barden v. Keohane*, 921 F.2d 476, 478 (3d Cir. 1990), the court held that the BOP has "broad discretion" in reviewing requests for *nunc pro tunc* designation. The court held that the BOP was required to review and consider a prisoner's request for *nunc pro tunc* designation under the appropriate factors set forth under Section 3621(b),[20] and must act to either grant or deny the request. *Barden*, 921 F.2d at 478-84.

BOP Program Statement 5160.05, Designation of State Institution for Service of Federal Sentence, provides that when an inmate requests a *nunc pro tunc* designation to the state institution, and a concurrent designation may be appropriate, the BOP reviews the request in light of the factors set out in the Program Statement and 18 U.S.C. §3621(b).[21] However, such a designation "shall be made only when it is consistent with the intent of the sentencing federal court, or with the goals of the criminal justice system."[22]

Well-settled federal law presumes that when multiple terms of imprisonment are imposed

---

[20]The appropriate factors to consider under Section 3621(b) are:

(1) the resources of the facility contemplated;
(2) the nature and circumstances of the offense;
(3) the history and characteristics of the prisoner;
(4) any statement by the court that imposed the sentence--
    (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
    (B) recommending a type of penal or correctional facility as appropriate; and
(5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

18 U.S.C. § 3621(b).

[21]BOP Program Statement 5160.05, http://www.bop.gov/policy/progstat/5160_005.pdf.

[22]*Id.* at 4.

at different times, they will run consecutively *unless* the district court specifically orders that they run concurrently." *Free v. Miles*, 333 F.3d 550, 553 (5th Cir. 2003) (emphasis in original) (citing 18 U.S.C. § 3584(a)), *reh'g denied* (Jul. 31, 2003). In this case, the sentencing U.S. District Judge did not specifically order that Petitioner's federal and state sentences were to run concurrently.[23] Thus, pursuant to the authority set forth above, the sentences run consecutively.

The record reflects that the BOP reviewed Petitioner's request for *nunc pro tunc* designation under the relevant factors set out in 18 U.S.C. § 3621(b) and in accordance with Program Statement 5160.05 and *Barden.* The BOP then determined that Petitioner's case was not appropriate for a *nunc pro tunc* designation.[24] The BOP has given "full and fair consideration" to Petitioner's request, which is all that it is required to do. *See McCarthy v. Doe*, 146 F.3d 118, 122 (2d Cir. 1998); BOP Program Statement 5160.05 at 6 (stating that although the BOP must consider an inmate's request for *nunc pro tunc* designation under *Barden*, there is no obligation for the BOP to grant the request). Thus, Petitioner is not entitled to habeas relief.

State Court Judgment

Petitioner's state court judgment, imposed on January 8, 2009, after his federal sentencing, directed that his sentence should run concurrent with his federal sentence.[25] However, a state court's

---

[23]The federal district judge did not direct that Petitioner's federal sentence run concurrent with his anticipated state sentence in the judgment. *See* Judgment in USA v. Stokes [12-5] at 2. Furthermore, the BOP contacted the sentencing court for its position regarding a concurrent designation, and received no response. *See* Part B - Response [12-10] at 2; Worksheet [12-13] at 2.

[24]*See* Part B - Response [12-10] at 2; Worksheet [12-13] at 2.

[25]*See* St. Tammany Parish Circuit Court Judgment [12-6] ("[The] Court order[s] that each count run concurrent with each other and with anytime [Petitioner] is now serving and with the

8

judgment that a defendant's state sentence should run concurrently with his federal sentence is not binding on the BOP. *See Brown v. Morris*, 231 Fed. App'x 312, 313 (5th Cir. 2007) (citing *Leal v. Tombone*, 341 F.3d 427, 427-30 (5th Cir. 2003)).

## **RECOMMENDATION**

For the reasons stated above, it is the recommendation of this court that Ezra Lamond Stokes's Petition for a Writ of Habeas Corpus [1] be dismissed with prejudice.

## **NOTICE OF RIGHT TO OBJECT**

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS, the 20th of April, 2015.

                                              s/Michael T. Parker
                                              United States Magistrate Judge

---

FED [sic] time he is serving and that the [Petitioner] be given credit for time served . . . .").